IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
AIKEN DIVISION

| | |
|---|---|
| Ricky Dell Dixon, II, ) | |
| ) | C/A No. 1:13-1215-TMC |
| Petitioner, ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| Director, Spartanburg County Jail, ) | |
| ) | |
| Respondent. ) | |
| _____ ) | |

Petitioner, Ricky Dell Dixon, II, a pretrial detainee proceeding *pro se*, filed this Petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. In accordance with 28 U.S.C. § 636(b) and Local Rule 73.02(B)(2), D.S.C., all pre-trial proceedings were referred to a magistrate judge. On May 20, 2013, Magistrate Judge Shiva V. Hodges, issued a Report and Recommendation ("Report") recommending the action be dismissed without prejudice. The Report sets forth in detail the relevant facts and legal standards on this matter, and the court incorporates it herein.

The magistrate judge makes only a recommendation to this court. That recommendation has no presumptive weight, and this court retains the responsibility to make a final determination. *See Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). The court is charged with making a de novo determination of those portions of the Report to which a party specifically objects, and the court may accept, reject, or modify, in whole or in part, the recommendation, or recommit the matter with instructions. *See* 28 U.S.C. § 636(b)(1).

Petitioner was advised of his right to file objections to the Report (ECF No. 8 at 6). However, Petitioner did not file any objections.

In the absence of objections, this court is not required to provide an explanation

for adopting the recommendation.  *See Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983).  Rather, "in the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'"  *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note). Furthermore, failure to file specific written objections to the Report results in a party's waiver of the right to appeal from the judgment of the District Court based upon the magistrate judge's recommendation.  28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).

A certificate of appealability will not issue absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). A prisoner satisfies this standard by demonstrating that reasonable jurists would find both that his constitutional claims are debatable and that any dispositive procedural rulings by the district court are also debatable or wrong. See *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003); *Rose v. Lee*, 252 F.3d 676, 683 (4th Cir. 2001). In the instant matter, the court finds that Petitioner has failed to make "a substantial showing of the denial of a constitutional right." Accordingly, the court declines to issue a certificate of appealability.

After a thorough review of the Report and the record in this case, the court adopts the Report (ECF No. 8) and incorporates it herein.  It is therefore **ORDERED** that the habeas petition in the above-captioned case is **DISMISSED** without prejudice.

**IT IS SO ORDERED.**

s/ Timothy M. Cain
United States District Judge

Anderson, South Carolina
June 14, 2013